PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE GIRAUD, Defendant and Appellant.

No. 6246. Argued June 4, 1937.—Decided July 16, 1937.

*C. Domínguez Rubio* and *L. Domníguez Rovira* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Enrique Giraud was charged in the Municipal Court of Guayama with a violation of the Hours of Labor Act—Act No. 49 of 1935 (Laws, 1935)—in having kept Rosalí Rivera, and employee in his gasoline station, working for more than ten hours on December 13, 1935. The municipal court convicted him and Giraud appealed to the district court.

When the case was called for a trial *de novo*, the defendant demurred to the information, and the demurrer was overruled. After the evidence was heard the court found the defendant guilty and sentenced him to pay a fine of $25 or one day in jail for every dollar he should fail to pay. Feeling aggrieved, he appealed to this court. In his brief he maintains that the court erred in overruling his demurrer and in finding the evidence sufficient.

The basis of the defendant's demurrer was that the acts imputed to him did not constitute an offense because the act alleged to have been violated was unconstitutional and that the information was insufficient because it was not alleged that he had not paid Rivera for the extra hours during which he was kept working, or that December 13, 1935, was a normal day, that is, that no extraordinary event occurred on that day.

Section 1 of Act No. 49 of 1935 (Laws, special session, p. 538) with the violation of which defendant is charged, provides:

"No person shall be employed or shall be permitted to work in any commercial, industrial, or agricultural establishment or in any other lucrative business more than eight (8) hours during any natural day, except in case of some extraordinary event or emergency caused by fire, famine, or flood, or danger to life, property, or public safety or health or under any other special circumstance, provided that the Governor of Puerto Rico, on recommendation of the Commisisoner of Labor, subsequently declares that the provisions of this Act shall not apply in these excepted cases and therefore the violations com-

mitted were excusable; *Provided,* that the limit of eight (8) hours established by this section, in all normal labor aside from the exceptions already noted, may be extended to a period that shall not exceed nine (9) hours during any natural day, on condition that every person so employed for wages, by the day, or otherwise, for more than eight (8) hours during any natural day, shall be paid for the work that he does during such extra time at a rate double that of the wages being paid him by the hour for the preceding work."

Recently, in the case of *M. Taboada & Co.* v. *Rivera Martínez,* 51 D.P.R.——, this court held that this act is constitutional. The arguments contained in the brief of the appellant do not convince us of the contrary. The decision is ratified.

■■ Nor is the appellant right in his attack of the decision of the district court as to the other grounds it had to overrule his demurrer. The lower court held that it was not necessary to allege in the information what the appellant maintained should be alleged; to wit: non-payment of the extra hours of work and non-occurrence of any extraordinary event, because they were questions to be raised by the defense.

We have seen what the law provides. The information follows the words of the statute. The offense consists in making the employee work or permitting him to work in the lucrative business of the employer for more than eight hours during any natural day. It is true that the act itself specifies exceptions, but the cases have laid down the rule that when an exception is incorporated in a penal statute in such a way as to make it form part of the definition of the crime, the exception should be denied in the information, but when the crime is defined and the exception or exceptions are enumerated afterwards, the benefit of the exception should be alleged as a defense. *People* v. *Paniagua,* 34 P.R.R. 100; *People* v. *Rosenstadt & Waller, Inc.,* 28 P.R.R. 896 and cases there cited. And here the exceptions do not form a part of the definition of the offense, but are enumerated after the offense has been defined.

■ In connection with the demurrer the defendant also cited Section 553 of the Penal Code, amended by Act No. 54 of 1930 (Laws, p. 408), which excludes garages from its provisions covering the closing of establishments, and maintains that this statute makes the hours of labor act inapplicable to garages.

His contention is not well founded. The two acts, the hours of labor act and the closing act, with their exceptions, are harmonious and may therefore co-exist. The fact that the legislator permits certain establishments to do business continuously, day and night, does not mean that the regulation period of time during which employees may work is abandoned as to them. By substitution of employees both acts may be complied with in their letter and spirit.

The court did not therefore commit the errors assigned to it in connection with its decision on the defendant's demurrer.

Nor did it err in weighing the evidence. We have carefully examined all of the evidence presented by both parties and in our opinion it sustains the conviction.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.